United States District Court
Southern District of Texas
**ENTERED**
May 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D'LANCE CHAZION ANDERSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-1681 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition challenging a prison disciplinary conviction as a violation of his due process rights. He complains that, on September 20, 2023, he was found guilty of a disciplinary infraction at the Wainwright Unit for threatening to inflict harm on a prison officer. He was sanctioned with commissary, cell, recreation, and tablet restrictions, and his administrative appeals were denied. Petitioner does not state he is eligible for mandatory supervised release, and reports that he did not lose any accrued good time credit. He seeks reversal of the disciplinary conviction and return of his prison privileges.

A prisoner's constitutional rights in context of prison disciplinary proceedings are governed by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rule infractions are entitled to due process only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484

(1995). A Texas prisoner can demonstrate a constitutional due process violation in connection with a prison disciplinary proceeding only if he is eligible for mandatory supervised release and the disciplinary conviction resulted in loss of accrued good time credit. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000).

Petitioner here does not meet these requirements. Although he does not state he is eligible for mandatory supervised release, he lost no accrued good time credit as a result of the disciplinary conviction. His temporary loss of prison privileges did not trigger due process protections. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see also Malchi*, 211 F.3d at 959; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that "the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"). Thus, petitioner was not entitled to due process protections in his disciplinary proceeding and no cognizable grounds for federal habeas relief are raised.

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a cognizable federal habeas claim. Any pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 6th day of May, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE